**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND**

STEVEN DIAS and
RAYMOND IGLE

Plaintiffs,

v.

WAL-MART STORES, INC.
d/b/a WAL-MART

Defendant.

CA 04 379 T

C.A. No.

# NOTICE OF REMOVAL

To: Clerk's Office, United States District Court
District of Rhode Island
John O. Pastore Federal Building
Two Exchange Terrace
Providence, RI 02903

Clerk, Rhode Island Superior Court
250 Benefit Street
Providence, RI 02903

Robert M. Novack, Esq.
Clarkin, Galvin, Lowenstein & Novack
Post Office Box 267
84 North Main Street
Fall River, MA 02720

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") gives notice pursuant to 28 U.S.C. § 1446 that it hereby removes the case presently pending in the Rhode Island Superior Court, entitled Steven Dias and Raymond Igle v. Wal-Mart Stores, Inc. d/b/a Wal-Mart, C.A. No. NC04-0273 ("State Court Action"), to the Untied States District Court for the District of Rhode Island.

(2)

Removal is authorized by 28 U.S.C. §§ 1441 and 1331 and is based on the District Court's original jurisdiction of the claims arising under the laws of the United States. In support of this Notice, Defendant states:

1. This case was commenced on or about July 19, 2004 in the Rhode Island Superior Court. Defendant Wal-Mart received a copy of copy of a Notice of Lawsuit and Request for Waiver of Service of Summons and a copy of the Complaint on or about August 2, 2004. A copy of the Complaint is attached as **Exhibit A.**[1] The time within which Defendant may remove the action pursuant to 28 U.S.C. § 1446 to the United States District Court for the District of Rhode Island has not yet expired.

2. This Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1331 and the State Court action is removable under the provision of 28 U.S.C. § 1441(a) and (b) in that the Plaintiff has brought a claim for alleged racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., which gives rise to original jurisdiction of actions arising under the laws of the United States.

3. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be filed with the Clerk of the Rhode Island Superior Court pursuant to the Notice of Filing of Notice of Removal attached hereto as **Exhibit B**, and a copy of this Notice of Removal will be served upon counsel for the Plaintiffs.

[1] Certified copies of the State court docket sheet and the State court records and proceedings will be filed within 10 days in accordance with Local Rule 36.

WAL-MART STORES, INC.
By its attorneys,

Jaime J. LaPorte

ROBERT P. BROOKS (#3721)
GEOFFREY W. MILLSOM (#6483)
JAIME J. LAPORTE (#6668)
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 751-0604
Dated: September 1, 2004

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the within Notice of Removal was mailed to the following on this 1st day of September 2004:

Robert M. Novack, Esq.
Clarkin, Galvin, Lowenstein & Novack
Post Office Box 267
84 North Main Street
Fall River, MA 02720

D A Ciuffitelli

*306897_1.doc*

STATE OF RHODE ISLAND
NEWPORT, Sc.

SUPERIOR COURT

NC-04-273

STEVEN DIAS and RAYMOND IGLE, Plaintiffs

V.

WAL-MART STORES, INC. d/b/a WAL-MART

## COMPLAINT AND JURY CLAIM

### BACKGROUND FACTUAL ALLEGATIONS

1. The Plaintiff, Steven Dias, is a Black, African-American resident of Middletown, Newport County, Rhode Island.

2. The Plaintiff, Raymond Igle, is a Black, African-American resident of Newport, Newport County, Rhode Island.

3. The Defendant Wal-Mart Stores, Inc. is a Delaware Corporation, authorized to do business in the State of Rhode Island as Wal-Mart and has a usual place of business at 199 Connell Highway, Newport, Rhode Island.

4. Prior to Christmas of 2002, the Plaintiffs were all employees of the Defendant and were assigned to the "overnight stocking crew" at the Defendant's establishment located at 199 Connell Highway, Newport, RI.

5. Although the number of employees assigned to the crew varied, during all times relevant herein, the crew consisted of twenty employees, of which twelve were African-Americans and eight were White.

6. After Christmas 2002, the Defendant laid off eight workers from the crew including the Plaintiffs of which six were black and two were white.

7. Despite the Defendant pronouncements to the Plaintiffs that the Defendant lays off personnel on the basis of seniority, four white members of the crew with less seniority than the Plaintiffs were laid off.

8. During the Plaintiff's period of employment with the Defendant, the Plaintiffs were subject to many incidents of disparate treatment and racial ridicule by management as opposed to the White members of their crew.



Received Aug-06-2004 12:28 From- To-ADLER POLLOCK & SHEE Page 005

## COUNT I- TITLE VII RACIAL DISCRIMINATION

9. The Plaintiffs repeat and re-aver the allegations in paragraphs 1-8 of this complaint.

10. The Defendant, by the aforesaid actions, which created and subjected the Plaintiffs to a racially hostile work environment and culminated in the Plaintiffs' termination, constituted discrimination against the Plaintiffs due to their race and ethnic background in direct violation of Title VII of the Civil Rights Act.

11. Owing to the Defendant's violation of law, the Plaintiffs suffered economic damages and emotional distress and was forced in incur costs and attorney's fees in the protection of their rights.

12. The Plaintiffs have already exhausted their administrative rights in this matter.

## COUNT II-R.I. GENERAL LAWS §28-5-7 DISCRIMINATION IN EMPLOYMENT

13. The Plaintiffs repeat and re-aver the allegations in paragraphs 1-8 of this complaint.

14. The Defendant, by the aforesaid actions, which created and subjected the Plaintiffs to a racially hostile work environment and culminated in the Plaintiffs' termination, constituted discrimination against the Plaintiffs due to their race and ethnic background in direct violation of R.I. Gen. Law §28-5-7.

15. Owing to the Defendant's violation of law, the Plaintiffs suffered economic damages and emotional distress and was forced in incur costs and attorney's fees in the protection of their rights.

20. The Plaintiffs have already exhausted their administrative rights in this matter

## RELIEF REQUESTED

WHEREFORE, The Plaintiffs demand the following remedies against the Defendant

1. Compensatory damages in an amount set by the Court and Jury for all economic loss incurred by the Plaintiffs, including but not limited to back pay, front pay and loss of employment benefits;

2. Punitive damages against the Defendant as permitted by law and in an amount set by the Court and Jury to punish the Defendants for its actions;

3. Reasonable attorney's fees and costs incurred by the Plaintiffs in bringing this action;

4. Any other relief that the Court deems just and equitable.

**THE PLAINTIFFS DEMAND TRIAL BY JURY**

The Plaintiffs
By their attorneys

Robert M. Novack, Esq.
Clarkin, Gavin, Lowenstein & Novack
P.O Box 267
84 North Main St.
Fall River, MA 02720
Tel: 508-673-9191
R.I. Bar No. 3255



Received Aug-06-2004 12:28 From- To-ADLER POLLOCK & SHEE Page 007

(B)

STATE OF RHODE ISLAND
NEWPORT, SC.

SUPERIOR COURT

| | | |
|---|---|---|
| STEVEN DIAS and<br>RAYMOND IGLE<br><br>Plaintiffs, | : | |
| v. | : | C.A. No. NC04-0273 |
| WAL-MART STORES, INC.<br>d/b/a WAL-MART<br><br>Defendant. | : | |

**NOTICE OF FILING NOTICE OF**
**REMOVAL TO UNITED STATES DISTRICT COURT**

Defendant Wal-Mart Stores, Inc. ("Wal-Mart") hereby gives notice to the Court that it has removed the above-captioned lawsuit to the United States District Court for the District of Rhode Island pursuant to the Notice of Removal attached as **Exhibit A**.

WAL-MART STORES, INC.
By its attorneys,

Jaime J. LaPorte

ROBERT P. BROOKS (#3721)
GEOFFREY W. MILLSOM (#6483)
JAIME J. LAPORTE (#6668)
ADLER POLLOCK & SHEEHAN P.C.
2300 Financial Plaza
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 751-0604
Dated: September 1, 2004

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the within Notice of Filing Notice of Removal to United States District Court was mailed to the following on this 1st day of September 2004:

Robert M. Novack, Esq.
Clarkin, Galvin, Lowenstein & Novack
Post Office Box 267
84 North Main Street
Fall River, MA 02720

D. A. Ciuffetelli

*306896_1.doc*