**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STEVEN DIAS and RAYMOND IGLE | : | |
| Plaintiffs, | : | |
| v. | : | C.A. No. 04-379T |
| WAL-MART STORES, INC. | : | |
| Defendant. | : | |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF**
**WAL-MART STORES, INC.'S MOTION FOR SUMMARY JUDGMENT**

WAL-MART STORES, INC.
By its attorneys,

GEOFFREY W. MILLSOM (#6483)
MICHAEL D. CHITTICK (#5967)
JAIME J. LAPORTE (#6668)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 751-0604
Dated: August 1, 2005

In accordance with the Pre-Trial Order, Wal-Mart Stores, Inc. ("Wal-Mart") respectfully submits this reply memorandum in further support of its Motion for Summary Judgment.

## INTRODUCTION

In an attempt to create an issue of material fact that will permit him to get to trial, Dias has come forward with a flurry of alleged "facts" that are either unsupported by the evidence, irrelevant, or emanate exclusively from his own self-serving and largely inadmissible deposition testimony.[1] This is not enough. A discrimination plaintiff cannot merely point to unsupportable hearsay allegations or racially-neutral departures from protocol as evidence from which the Court can infer discrimination. The epitome of the lengths to which Dias' must go in order to try to manufacture a genuine issue of material fact is his characterization of Wal-Mart's Reduction in Force Guidelines. *Compare Objection to Statement of Undisputed Facts,* Opp. Br. at 5, ¶¶ 10 (listing 5 termination criteria including "seniority") *with* Reduction in Force Guidelines, Opp. Br., Ex. 3 (listing 4 termination "steps" not including "seniority"). Merely calling this creative interpretation a "statement of undisputed fact," however, does not create a genuine issue for trial.

Plaintiff's burden of proof has been made crystal clear by controlling precedent and it is equally clear from the Opposition Brief that Dias cannot carry that burden. Dias is not entitled to a jury trial merely because: i) his managers at Wal-Mart adopted a policy that prevents all employees (not just the black employees) from listening to music, or ii) because his manager asked him one day to verify a claimed illness with a note from his doctor, or iii) because Wal-Mart retained 9 black

---

1 The Opposition Brief also appears to raise an objection to summary judgment under Rule 56(f) on the ground that Wal-Mart has failed to produce the requested work evaluations of other members of the overnight stocking crew. As an initial matter, Dias has failed to satisfy the Rule 56(f) requirement that he come forward with an affidavit specifically identifying the discovery sought and the basis for believing it could prevent the entry of summary judgment in favor of the movant. *Kozikowski v. Toll Bros. Inc.*, 354 F.3d 16, 26 (1st Cir. 2003). In any event, the issue is moot. Subsequent to the Opposition Brief, Wal-Mart produced the requested information and Dias' withdrew his motion to compel by letter to the Court, dated July 27, 2005.

and 4 white employees with less seniority than him in the same position after he was terminated as part of a reduction in force. He is only entitled to survive summary judgment if he can adduce credible evidence of unlawful discrimination, which he has not done.

## ARGUMENT

### I. DIAS FAILS TO ADDRESS THE CORRECT PRIMA FACIE STANDARD

Dias' legal analysis is faulty from the first step. He identifies – and then assumes he can satisfy – the incorrect prima facie standard. *See* Opp. Br. at 9. Contrary to his claim, Dias' prima facie burden on this motion requires him to do more than demonstrate that i) he is a member of a protected class, ii) who was competent and iii) suffered an adverse job consequence. As set forth in Wal-Mart's Opening Brief, in order to make out a prima facie case, Dias must also demonstrate that Wal-Mart was not race neutral in its decision to discharge him or in retaining personnel outside the protected class in the same position. *Lewis v. City of Boston*, 321 F.3d 207, 214 (1st Cir. 2003); *Udo v. Tomes*, 54 F.3d 9, 12 (1st Cir. 1995). Only by conveniently reading out the crucial fourth element of this 4-part standard is Dias able to argue that he can make out a prima facie case. This failure to address, much less demonstrate that he can satisfy his initial burden of proof, by itself justifies the issuance of summary judgment in Wal-Mart's favor.

### II. PLAINTIFF'S ATTEMPT TO DISPUTE WAL-MART'S EVIDENCE OF A NON-DISCRIMINATORY BASIS FOR THE TERMINATION FAILS

In its Opening Brief, Wal-Mart identified two separate legitimate, non-discriminatory reasons for Dias' termination: 1) a reduction in force, and 2) Dias' relatively low productivity. Nevertheless, Dias contends that Wal-Mart has not satisfied its burden.[2] Dias does not take issue

---

[2] Dias suggests in the Opposition Brief that Wal-Mart's burden to articulate a legitimate, non-discriminatory reason is one of persuasion. This is incorrect. Wal-Mart bears only the lower burden of production. *Lewis*, 321 F.3d at 214, *Udo*, 54 F.3d at 12. The burden of persuasion and ultimate burden of proof remain at all times with plaintiff.

with the fact that there was a reduction in force nor does he dispute that the Assistant Store Manager William Silva testified that Dias was less productive than the employees who were retained. Rather, Dias argues that Silva's reliance on his own "personal impressions" of Dias rather than written performance evaluations does not constitute a non-discriminatory basis in light of evidence that productivity was difficult to objectively quantify. Opp. Br. at 8; 10. First, in so stating, Dias has acknowledged Wal-Mart's legitimate, non-discriminatory reasons, thereby undercutting his own argument. Second, Dias' argument leaves one of the two legitimate, non-discriminatory reasons for Dias' termination (the reduction in force itself) unchallenged.

With respect to Wal-Mart's assessment of Dias' productivity, there can be no dispute that purely subjective criteria can form the basis of a legitimate, non-discriminatory termination decision. Contrary to Dias' characterization, the case of *Casey v. Town of Portsmouth* stands for this proposition. *See* 861 A.2d 1032, 1039 n.4 (R.I. 2004) ("[w]e can find no federal case that bars the granting of summary judgment in favor of the defendant after that defendant has proffered a subjective legitimate, nondiscriminatory reason."). Moreover, Dias' scorns the idea that management may base a termination decision on its subjective personal opinion of the employee's productivity when written performance evaluations exist. Annual performance evaluations, however, are themselves prepared by management and inherently subjective. Whether a performance evaluation is conducted annually and reduced to written form or conducted less formally, on an unscheduled basis in the context of a reduction in force, it is still a subjective measure and a valid basis for termination.

To the extent that Dias attempts to argue that various factors relating to work flow (*i.e.* relative "ease" of pallets) undermine Wal-Mart's articulated non-discriminatory reasons for termination, he is missing the boat. Whether management of the Newport store adopted the correct mechanism for determining that Dias was less productive than his colleagues and whether they were

correct in making the conclusion that he was not as productive are not dispositive of or even relevant to the issue of the legitimacy of the reason for his termination. *See Smith v. Stratus Computer, Inc.*, 40 F.3d 11, 16 (1st Cir. 1994) ("Title VII does not grant relief to a plaintiff who has been discharged unfairly, even by the most irrational of managers, unless the facts and circumstances indicate that discriminatory animus was the reason for the decision.").

Dias may not agree with Wal-Mart's conclusion that he was relatively unproductive and he may not agree with Wal-Mart's methodology in determining productivity, but he clearly has no evidence tending to show that productivity is not a legitimate, non-discriminatory (albeit, subjective) reason for his termination. Accordingly, even if he could make out a prima facie case – which he cannot – Dias must identify evidence tending to show that the reduction in force and Wal-Mart's assessment of his productivity are merely "pretexts," and that racial discrimination is the true reason he was terminated, if he is to survive this motion.

## III. DIAS PURPORTED EVIDENCE OF RACIAL BIAS TO DEMONSTRATE PRETEXT IS WHOLLY INSUFFICIENT AND UNAVAILING

The only purported evidence of discriminatory motive identified by Dias consists of his own self-serving testimony and the fact that management of the Newport store did not strictly adhere to Wal-Mart's internal Reduction in Force Guidelines in terminating members of the overnight stocking crew in December 2002. Opp. Br. at 11. [3] This does not satisfy his two-pronged burden of identifying evidence tending to show that Wal-Mart's proffered reasons are pretextual and that the decision to terminate him was discriminatory. *Udo*, 54 F.3d at 12.

Although Dias erroneously argues that "five" white employees with less seniority than Dias were retained after December 2002, the undisputed evidence shows:

[3] Not only is most of the evidence proffered by Dias inadmissible under the Federal Rules of Evidence, but in light of its volume and his failure to seek relief from the page limitations, it is rendered inadmissible by virtue of Amended General Order 2002-01 ("exhibits attached to or filed in connection with a motion for summary judgment shall not exceed a total of 20 pages").

(1) Of the four employees terminated from the overnight stocking crew in December 2002, directly on account of the reduction in force, two were white and two were black. Affidavit of Alan Centazzo ("Centazzo Aff.") ¶ 2, Ex. A.

(2) Of the 25 employees remaining on the overnight stocking crew as of January 1, 2003, 13 were black, 10 were white, and two were Asian-American. Centazzo Aff. ¶ 4d.

(3) Of the 25 employees that were retained on the overnight stocking crew, 14 had less seniority than Dias. Centazzo Aff. ¶ 4e.

(4) Of the 14 employees that were retained on the overnight stocking crew with less seniority than Dias, nine were black, four were white and one was Asian-American. Centazzo Aff. ¶ 4f.

In light of these undisputed facts, the rank speculation and hearsay testimony of Dias to the effect that he believed Wal-Mart managers treated black employees differently than white employees does not entitle him to present his case to a jury. Typical of this meaningless but inadmissible purported evidence is Dias' testimony that he was forced to bring a note from his doctor by a manager who knew that such a request would "push a button." Dias Dep. Tr. at 59-60. This testimony, just like Dias' other testimony that black employees were not permitted to listen to their chosen music (which was accompanied by the acknowledgement that all employees regardless of race, were prohibited from listening to all types of music on the sales floor) is simply not a sufficient evidentiary predicate for a jury finding of racial animus. Nor can it create a genuine issue of material fact that, in the face of objective statistical evidence, prevents the issuance of summary judgment.

## CONCLUSION

For all the foregoing reasons, as well as the reasons set forth in its Opening Brief, Wal-Mart requests that its motion for summary judgment be granted in all respects.

Dated: Providence, Rhode Island
August 1, 2005

Respectfully submitted,

Defendant
WAL-MART STORES, INC.
By its attorneys,

GEOFFREY W. MILLSOM (#6483)
MICHAEL D. CHITTICK (#5967)
JAIME J. LAPORTE (#6668)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 751-0604

CERTIFICATE OF SERVICE

I hereby certify that I am over 18 years of age and not a party to this action. On August 1st, 2005, I caused the foregoing Reply Memorandum In Further Support of Wal-Mart's Motion for Summary Judgment to be served by first class mail, postage prepaid, upon the following:

Robert M. Novack, Esq.
Clarkin, Galvin, Lowenstein & Novack
Post Office Box 267
84 North Main Street
Fall River, MA 02720

*340234_1.doc*