**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| STEVEN DIAS and RAYMOND IGLE | : | |
| Plaintiffs, | : | |
| v. | : | C.A. No. 04-379T |
| WAL-MART STORES, INC. | : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**<u>MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION</u>**

WAL-MART STORES, INC.
By its attorneys,

GEOFFREY W. MILLSOM (#6483)
MICHAEL D. CHITTICK (#5967)
JAIME J. LAPORTE (#6668)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 751-0604
Dated: October 21, 2005

Wal-Mart Stores, Inc. ("Wal-Mart") respectfully submits this memorandum of law in support of the Report and Recommendation of Magistrate Judge Lincoln D. Almond issued in the above-captioned case on September 23, 2005 (the "Report and Recommendation") and in response to the Objection to the Report and Recommendation filed by Plaintiff Steven Dias.[1]

## INTRODUCTION

Plaintiff's Objection to the Report and Recommendation reflects the same error that doomed his opposition to Wal-Mart's summary judgment motion – a failure to appreciate the parties' respective burdens of proof. As the plaintiff in an employment discrimination case, Mr. Dias has the burden of demonstrating that Wal-Mart's decision to terminate his employment was made on the basis of his race. Plaintiff, however, contends – in the face of iron clad authority to the contrary – that Wal-Mart should have been required to prove the absence of any discriminatory animus in order to obtain summary judgment. This attempt to flip the burden of proof onto the defendant is clearly inappropriate and an insufficient basis for rejecting the Report and Recommendation.

Magistrate Judge Almond correctly held that Plaintiff had not "proffered sufficient evidence to support a finding of race discrimination." This holding was made on the basis of the evidence submitted by plaintiff and on the basis of additional evidence (in the form of the full transcript of Mr. Dias' deposition) that Magistrate Judge Almond

[1] Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure, the filing deadline for this brief is triggered by the service of Plaintiff's Objection. Fed. R. Civ. P. 72(b). Although plaintiff's counsel certified that he caused Plaintiff's Objection to be served on counsel for Wal-Mart on September 28, 2005, there was a failure of transmission and Wal-Mart's counsel did not receive a copy and was not aware of Plaintiff's Objection until after performing a random PACER docket search on or about October 7, 2005. Out of an abundance of caution, Wal-Mart has moved for an extension of time to file its brief. In light of the failed transmission and the actual date of service of Plaintiff's Objection, however, Wal-Mart requests that this response be considered timely.

requested. It was clear at the hearing and in the Report and Recommendation itself that Magistrate Judge Almond considered all the evidence. He was correct in determining that the evidence does not support either a finding of discrimination or create a genuine issue for trial.

## ARGUMENT

### I. MAGISTRATE JUDGE ALMOND CORRECTLY HELD THAT WAL-MART MET ITS BURDEN OF ARTICULATING A LEGITIMATE, NON-DISCRIMINATORY REASON FOR TERMINATING MR. DIAS

Under the three-step burden-shifting analysis established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, once a plaintiff demonstrates the existence of a *prima facia* case of discrimination, the employer is obligated to "articulate a legitimate, non-discriminatory reason" for terminating an employment discrimination plaintiff. 411 U.S. 792, 802 (1973). The employer's burden in this regard is one of production, not persuasion, as the burden of persuasion remains with the plaintiff at all times. *Lewis v. City of Boston*, 321 F.3d 207, 214 (1st Cir. 2003); *Udo v. Tomes*, 54 F.3d 9, 12 (1st. Cir 1995). Stated otherwise, an employer need only come forward and identify a non-discriminatory reason for its actions; it need not prove anything. Nevertheless, in his Objection, Plaintiff argues that the Court should reject the Report and Recommendation essentially because Wal-Mart has not proved that it acted without discriminatory animus.

Wal-Mart articulated two legitimate, non-discriminatory reasons for terminating Mr. Dias: 1) a seasonal reduction in force, and 2) his poor productivity. According to the United States Court of Appeals for the First Circuit, "the reduction in force is itself a legitimate, nondiscriminatory reason." *Lewis*, 321 F.3d at 216; *see also Marcano-Rivera v. Pueblo Int'l, Inc.*, 232 F.3d 245, 252 (1st Cir. 2000); *Cruz-Ramos*, 202 F.3d at 386;

*Connell v. Bank of Boston*, 924 F.2d 1169, 1174 (1st Cir. 1991). In order to prevail on a discrimination claim in a reduction in force context, the plaintiff must prove (consistent with the teachings of *McDonnell Douglas)* that the reduction in force was merely a pretext for discrimination. *Lewis*, 321 F.3d at 216 n.9 ("Of course, an employee is free to establish that the reduction in force is itself a sham.").

Plaintiff, however, argues that by finding that Wal-Mart's reduction in force was a legitimate, nondiscriminatory reason, Magistrate Judge Almond "misconstrues the issue." According to Plaintiff: "[t]he issue at hand, however, was, given that there would be layoffs, was a racially neutral criteria used in selecting those who were laid off?" Plaintiff may have successfully identified the issue, but he appears to have misunderstood that it is up him to prove that the criteria employed in the layoffs were race-based. Obviously, the use of race-based criteria would render the reduction in force a pretext for discrimination. *McDonnell Douglas* does not require the employer to prove lack of pretext; the Supreme Court made clear that this burden belongs to the plaintiff. Thus, it is Mr. Dias – not the Magistrate Judge – that has "misconstrued" this issue as a basis for rejecting the Report and Recommendation.

Plaintiff also contends that Wal-Mart's other articulated legitimate non-discriminatory business reason, *i.e.* poor productivity, is insufficient because Wal-Mart Assistant Store Manager William Silva's testimony is inconsistent and not reasonably specific. As an initial matter, Plaintiff has again misconstrued Wal-Mart's burden as one of persuasion rather than production. Wal-Mart is not required to prove that Mr. Dias was less productive than similarly situated employees. Nor is it required to demonstrate the integrity of William's Silva's analysis of Plaintiff's productivity. Wal-Mart is required only to identify a non-discriminatory reason for the termination. It is Plaintiff's

burden to demonstrate – through allegedly inconsistent testimony or otherwise – that the articulated reason was a pretext for discrimination.

Moreover, Mr. Silva's testimony does demonstrate a legitimate basis for his conclusions that Mr. Dias was less productive than other employees in his position. As Plaintiff acknowledges, William Silva was Mr. Dias' supervisor who observed him nightly and kept track of the "number of pallets" he "killed." Plaintiff does not dispute that either William Silva or the two other Assistant Managers who participated in the decision to terminate Mr. Dias lacked personal knowledge of Mr. Dias' work habits and performance. Instead, he challenges the lack of objective measures of performance. This argument misses the point. Indeed, William Silva and the other two managers that participated in the decision to terminate Mr. Dias could have been dead wrong about Mr. Dias' productivity, but that would not convert productivity into a pretext for discrimination. *See Smith v. Stratus Computer, Inc.*, 40 F.3d 11, 16 (1st Cir. 1994) ("Title VII does not grant relief to a plaintiff who has been discharged unfairly, even by the most irrational of managers, unless the facts and circumstances indicate that discriminatory animus was the reason for the decision."); *Mesnick v. General Elec. Co.*, 950 F.2d 816, 825 (1st Cir. 1991) ("Courts may not sit as super personnel departments, assessing the merits – or even the rationality – of employers' nondiscriminatory business decisions."). In order to challenge Wal-Mart's proffer of productivity as one of the legitimate non-discriminatory reasons for terminating him, Mr. Dias must do more than raise questions regarding how Wal-Mart measured productivity; he must come forward with evidence tending to show that Wal-Mart's true reason for terminating him was race. This is a showing he utterly failed to make.

## II. THE REPORT AND RECOMMENDATION CORRECTLY CONCLUDED THAT PLAINTIFF HAS PROFFERED INSUFFICIENT EVIDENCE TO SUPPORT A FINDING OF RACE DISCRIMINATION

There is no evidence in this case that supports a finding of race-based discrimination by Wal-Mart. In fact, the objective statistical evidence suggests that there was no discrimination. There were four employees terminated in December 2002 from the overnight stocking crew of Wal-Mart's Newport store directly on account of a reduction in force; two were white and two (including the plaintiff) were black. Affidavit of Alan Centazzo ("Centazzo Aff."), ¶ 2, Ex. A. Of the 25 employees remaining on the overnight stocking crew as of January 1, 2003, 13 were black, 10 were white, and two were Asian-American. Centazzo Aff. ¶ 4(d). 14 of the 25 remaining employees had less seniority than Mr. Dias; nine of them were black, four were white and one was Asian-American. Centazzo Aff. ¶ 4(e) & (f). This evidence, along with the "bigger picture" presented by the Wal-Mart Newport store employment records for calendar year 2002, lead the Magistrate Judge to recommend that summary judgment issue in favor of Wal-Mart. *See* Report and Recommendation at 10.

Plaintiff challenges this analysis of the statistical evidence with an inapplicable analogy and circular logic. Specifically, he argues that, if Wal-Mart had terminated Dias because of his race, it would be irrelevant that the racial makeup and racial seniority of the overnight stocking crew were relatively unaffected. *See* Opposition at 5-6. This argument places the cart before the horse and again highlights Plaintiff's attempt to flip the burden of proof. The Court cannot simply assume that William Silva's motivation for failing to follow its Reduction in Force Guidelines was race-based; rather, in order to avoid summary judgment, Plaintiff must proffer evidence tending to show that Mr.

Silva's disregard of the Guidelines was motivated by a desire to discriminate on the basis of race.

Plaintiff failed to proffer any evidence that Wal-Mart's decision to terminate him was motivated by race. The only alleged evidence of discrimination that Plaintiff could muster consists of the fact that Wal-Mart did not follow its own Reduction in Force Guidelines. As the Magistrate Judge recognized, this evidence does not justify an inference of discrimination by itself and, when viewed along with the statistical evidence suggesting race neutrality by Wal-Mart, it does not preclude summary judgment. There is no legal or logical rationale for permitting this race-neutral deviation from Wal-Mart's internal policy to give rise to an inference of racial discrimination.

In fact, *Center of Behavioral Health v. Barros*, 710 A.2d 680 (R.I. 1998), the case that Plaintiff cites in support of his argument that a departure from policy can give rise to an inference of discrimination, actually undermines Plaintiff's position and demonstrates precisely why such an inference is not appropriate in this case. *Barros* involved a nurse who received stellar reviews, increased responsibilities and a pay raise during the first 16 months of her employment. *Id.* at 682. During this time, the plaintiff had a few workplace infractions, including tardiness, reading the newspaper during work hours, pre-signing dosage cards, and failing to supervise urine screenings, each of which resulted in verbal warnings consistent with her employer's progressive discipline policy. Once the plaintiff informed her employer that she was pregnant, however, her employer became increasingly concerned about her maternity leave and when she would return to work. *Id.* Shortly after announcing her pregnancy, the Plaintiff was forced to miss a day of work and she was immediately terminated. *Id.* Although the employer cited various workplace infractions as legitimate non-discriminatory reasons for termination, the Court found

these reasons pretextual in part because of the employer's failure to follow the progressive disciplinary policy it had employed prior to her pregnancy.

In contrast to *Barros*, this is not a case where the employer's changed opinion of the employee and deviation from internal policy can be tied to the employee's protected status so as to give rise to an inference of discrimination. Unlike the plaintiff in *Barros*, Dias did not receive stellar reviews prior to his termination. In fact, Dias' formal performance evaluations reflected the general low level of productivity that led to his termination. *See* Performance Evaluations attached to Wal-Mart's Memorandum of Law in Support of Motion for Summary Judgment as Exhibit 3. In his November 2001 performance evaluation, Dias' supervisor specifically indicated that he needed to be "more aggressive" and to increase the number of boxes stocked per hour. *Id.* During his evaluation, Dias indicated that he would "try to have more of a sense of urgency." *Id.* In addition to the formal performance evaluations, Mr. Dias admitted in his deposition testimony that one of the managers at the Wal-Mart Newport Store told Dias that he needed "to finish [his] area quicker." *See* Dias Dep. Tr. at 28.

The *Barros* court drew an inference of discrimination from the employer's deviation from its internal policy not on the basis of the deviation itself, but because of all the other evidence in the case tending to show that the plaintiff's relationship with her employer changed so dramatically once she announced her pregnancy. Here there is no similar evidence; there is only the failure to follow the internal policy. The Magistrate Judge correctly ruled that this, by itself, is not enough to permit Mr. Dias to try his case to a jury.

Finally, with respect to the anecdotal evidence of a "general atmosphere of discrimination in the workplace," the Magistrate Judge properly recognized that the only

alleged evidence of such an atmosphere – Plaintiff's own self-serving testimony – consisted largely of rank hearsay and, even if assumed to be true, did not demonstrate conditions that were severe and pervasive enough to constitute a hostile work environment. Plaintiff contends in his objection that his hearsay testimony regarding the alleged experiences of other Wal-Mart associates, including "Timmy," "Donde" and other unnamed employees, could support a jury finding of discrimination. Objection at 6-7. He offers no support for this proposition. *Id.* Indeed, there is no support for this proposition, because it flies in the face of the summary judgment standard, which requires the non-movant to come forward with "enough competent evidence to enable a finding favorable to the nonmoving party." *Goldman v. First Nat'l Bk. Of Boston,* 985 F.2d 113, 116 (1st Cir. 1993). Plaintiff's anecdotal evidence is neither competent nor sufficient to support a finding of discrimination.

**CONCLUSION**

For all of the foregoing reasons, Wal-Mart respectfully requests that this Court adopt the Report and Recommendation in its entirety.

Dated: Providence, Rhode Island
October 21, 2005

WAL-MART STORES, INC.
By its attorneys,

GEOFFREY W. MILLSOM (#6483)
MICHAEL D. CHITTICK (#5967)
JAIME J. LAPORTE (#6668)
ADLER POLLOCK & SHEEHAN P.C.
One Citizens Plaza, 8th Floor
Providence, RI 02903
Tel: (401) 274-7200
Fax: (401) 751-0604

CERTIFICATE OF SERVICE

I hereby certify that I am over 18 years of age and not a party to this action. On October 21st, 2005, I caused the foregoing Memorandum of Law In Support of Magistrate Judge's Report and Recommendation to be served by first class mail, postage prepaid, upon the following:

Robert M. Novack, Esq.
Clarkin, Galvin, Lowenstein & Novack
Post Office Box 267
84 North Main Street
Fall River, MA 02720

[signature]

*358209_1.doc*